## Langley *against* Heald.

Devise of land to testator's son P. to have and to hold to him, his heirs and assigns forever, but reserving the rents and profits to the use of testator's daughter E. until P. shall arrive at the age of 21, bequeathing them to his daughter during said term. In case P. should die and leave no lawful issue, then devising the land to E. if she shall then be living, and to her heirs and assigns forever; and if she should die and leave no lawful issue, then over. *Held*, that P. took an estate in fee with an executory devise over to E., and as P. attained the age of 21 and married and had issue, his estate became a fee-simple absolute.

ERROR to the Common Pleas of *Chester* county.

This was an action of ejectment brought by Ishmael Heald by his guardian against Jonathan Langley, to recover 44 acres of land in Chester county. The following facts were agreed upon by the parties to be considered in the nature of a special verdict.

Isaac Heald, being seised in his demesne as of fee of the above-mentioned tract of land, having first made his last will and testament, dated February 12th 1821, and duly proved December 10th 1822, died, leaving to survive him his son Passmore Heald, in said will named.

The said will, which it is agreed shall be considered as forming part of this case, as if fully inserted here, contains the following item:

"Item. I give and devise to my son Passmore Heald all that part of my land or plantation beginning, &c. (describing it), to have and to hold the said tract of land, with the appurtenances, to my son Passmore Heald, his heirs and assigns forever; but nevertheless I reserve the rents and profits of said land to the use of my daughter Elizabeth until my said son Passmore shall arrive to the age of 21 years, which I will and bequeath to her my said daughter during said term. In case my son Passmore should die and leave no lawful issue, then I will and devise the aforesaid lot or plantation to my daughter Elizabeth (if she shall be then living) and to her heirs and assigns forever; and in case my said daughter Elizabeth should die and leave no lawful issue, in that case my will is that the said land shall be equally divided in fee-simple among my children that shall be then living."

A transcript of a judgment against Passmore Heald was entered, and *fieri facias* and *venditioni exponas* issued thereon from

[Langley v. Heald.]

the Common Pleas of Chester county, under which the tract of land mentioned in said will was sold to the defendant, Jonathan Langley, and deed-poll therefor made to him by the sheriff, duly acknowledged, and dated February 3d 1834.

Passmore Heald having survived Isaac Heald, his father, attained the age of 21 years and married a certain Luvena Lobb, and by her had issue, the plaintiff in this case; and on the 9th May 1843 Passmore died, leaving to survive him Luvena and the plaintiff, Ishmael Heald, his only child and heir-at-law.

The court rendered judgment for the plaintiff below.

Errors assigned :

1. The court erred in giving judgment for the plaintiff.

2. According to the statement of the case, the plaintiff had no estate or interest in the land claimed in the action, and the judgment of the court should have been rendered for the defendant.

*Lewis,* for the plaintiff in error. Passmore Heald took a fee-simple on arriving at 21, with an executory devise over to Elizabeth in case he died and left no issue, Elizabeth living. It was not an indefinite failure of issue, and therefore not an estate tail in Passmore. The word " then" is also effective to show that the testator contemplated the failure of issue within the life of Passmore. *Wilmot's Opinions* 308, quoted 16 *Johns.* 387 ; *Eichelberger* v. *Barnitz,* (9 *Watts* 450) ; *Pells* v. *Brown,* (*Cro. Jac.* 590) ; *Porter* v. *Bradley,* (4 *T. R.* 143) ; *Roe* v. *Jeffery,* (7 *Ib.* 589) ; *Doe* v. *Wetton,* (2 *Bos. & P.* 324) ; *Hauer* v. *Shitz,* (3 *Yeates* 205) ; *M'Carthy* v. *Dawson,* (1 *Whart.* 4) ; *Nebinger* v. *Upp,* (13 *Serg. & Rawle* 65) ; *Richardson* v. *Noyes,* (2 *Mass.* 62) ; *Doe* v. *Webber,* (1 *Barn. & Ald.* 713) ; *Hockley* v. *Mawbey,* (3 *Bro. Ch. R.* 82) ; *Keating* v. *Reynolds,* (1 *Bay* 80) ; *Glover* v. *Monckton,* (3 *Bingh.* 9) ; *Wells* v. *Ritter,* (3 *Whart.* 224) ; *Wilkes* v. *Lion,* (2 *Cow.* 333) ; *Pinbury* v. *Elkin,* (1 *P. Wms.* 563) ; *Wilkinson* v. *South,* (7 *T. R.* 557) ; *Fosdick* v. *Cornell,* (1 *Johns.* 440) ; *Jackson* v. *Blanshan,* (3 *Ib.* 292) ; *Moffat* v. *Strong,* (10 *Ib.* 12) ; *Jackson* v. *Staats,* (11 *Ib.* 337) ; *Anderson* v. *Jackson,* (16 *Ib.* 382). The intention is paramount. Here the testator could not intend an estate tail to go to one son only, that being contrary to our habits and laws ; nor that Passmore should be able to bar the subsequent estates by a common recovery. This case cannot be distinguished substantially from *Pells* v. *Brown,* (*Cro. Jac.* 590) ; and if that is authority, it is decisive in our favour.

*Hemphill,* contra, contended that Passmore Heald took an estate tail with contingent remainder to Elizabeth, and after her over, and the plaintiff below held title as heir in tail. *Haines* v. *Witmer,* (2 *Yeates* 400) ; *Willis* v. *Bucher,* (2 *Binn.* 455) ; *Clark* v. *Baker,* (3 *Serg. & Rawle* 470) ; *Gause* v. *Wiley,* (4 *Ib.* 509) ; *Irwin* v. *Dunwoody,* (17 *Ib.* 61) ; *Caskey* v. *Brewer,* (*Ib.* 441) ; *Heffner* v. *Knep-*

[Langley v. Heald.]

*per*, (6 *Watts* 18) ; 1 *Pow. Dev.* 188 ; *Sharp* v. *Thompson*, (1 *Whart.* 139) ; *Dewitt* v. *Eldred*, (4 *Watts & Serg.* 414).

The opinion of the Court was delivered by

SERGEANT, J.—The question that arises in this case is, whether the devisee Passmore Heald took an estate in fee with an executory devise over to the testator's daughter Elizabeth, or an estate tail. In the former case, the title of the purchaser at sheriff's sale is good ; in the latter, the plaintiff below is entitled as heir in tail. The principle is now settled by frequent decisions, and especially in the case of *Pells* v. *Brown*, (*Cro. Jac.* 590), which is considered a leading case on this subject, 3 *Yeates* 221, 7 *T. R.* 596, that an executory devise over after an indefinite failure of issue is too remote ; but if the failure of issue be limited to a life or lives in being, and 21 years and some months after, it is good. Where, therefore, the father in that case devised his lands to his youngest son and his heirs, and if he died without issue, living the eldest, then to him and his heirs, it was held that the youngest son took a fee which was determined by his death without issue during his eldest brother's life-time, and that the eldest brother took. So in a still earlier case, *Hynd* v. *Lyon*, (5 *Bac. Ab.* 777, *tit.* "*Rem. & Reversion*"), the devise was to the son and his heirs, and if he died before 24 and without heirs of his body, remainder over ; the remainder over was held good. Applying this rule to the case before us, it seems the estate devised to Passmore Heald was a fee, and the remainder over good as an executory devise ; but as the event did not happen on which Passmore's estate should be defeated, it became a fee-simple absolute. For the words are, "If he die and leave no lawful issue, then to his daughter Elizabeth if she shall be then living, and to her heirs and assigns forever," in which the word "then" refers to the death, and the period contemplated is whilst Elizabeth is living. The case falls within the class mentioned in *Eichelberger* v. *Barnitz*, (9 *Watts* 450), as exceptions to the general rule that the words, if he die without issue, or on failure of issue, or for want of issue, or without leaving issue, then over in fee, the estate of the first taker is a fee-tail ; that is to say, it ranks in that class where the period at which the devise over is to take effect is expressly or impliedly limited to the time before mentioned, and in which the testator has been considered as meaning a failure of issue within a fixed period, and not an indefinite failure of issue. When the first estate is for life, the construction may be otherwise, as in *Wyld* v. *Lewis*, (1 *Atk.* 432), where the testator devised to his wife E., without any words of limitation, and that if she should have no son or daughter by him begotten on her body and for want of such issue, then the premises to return to his brother I. W. if he be then living, and his heirs forever. This was held by Lord HARDWICKE an estate-tail in E., but on the ground that by an opposite construction the

[Langley v. Heald.]

testator's grand-children would be excluded, and, as Mr Powell remarks, the children also. 2 *Pow. Dev.* 583. But no such reason applies where the devise to the first taker is a fee; and therefore the construction has been uniformly otherwise in words of similar import. Here the first devise is of a fee, subject to be defeated by the death of Passmore without issue during the life-time of Elizabeth: and that event not having occurred, his estate became absolute.

Judgment reversed, and judgment for defendant.