## LAPSLEY *v.* LAPSLEY.

Devise among sons equally, they paying certain legacies, and if any of them die without issue, their share shall be divided between the surviving brothers: creates an estate tail in the sons, with a vested remainder in fee to those who survive, and the heirs of those who died before the son who died without issue.

If a judgment against executors for a legacy charged on land be entered against the land of certain only of the devisees, the land of another devisee will not pass by sheriff's sale.

IN error from the District Court of Allegheny.

The material question in this ejectment arose under the will of Lapsley, whereby he devised certain land among his four sons equally, they paying a certain sum which he directed should be divided among his daughters. The will then continued, "if any of my sons should die without issue, their part or portion shall be divided between the surviving brothers; also, if a daughter should die without issue, her part or portion shall be divided among her remaining sisters."

The plaintiff was the heir of Thomas, one of the testator's sons, and claimed in that right a share of the estate of his uncle Samuel, another of the testator's sons, who died without issue after the death of the plaintiff's father, living two of the testator's sons; and also a share in the same estate by virtue of a conveyance by a brother of Samuel, who survived him, and who it appeared was yet living.

The defendant claimed title under a sheriff's sale of Samuel Lapsley's estate in the land; and also, under a judgment against the executors of the testator for the legacies charged upon the devisees, but which by the record appeared to have been apportioned among three of the shares devised, omitting that devised to Samuel. The court rejected this evidence.

The court instructed the jury that the original devise was in fee, and was reduced to an estate tail, with a remainder in fee, by force of the devise over on the death of the devisees without issue: 5 W. 21; 2 Yeat. 400; 2 Pow. Dev. 425, 564, 573; Moore, 127; 4 W. & S. 422; and that by the word "survivors" was meant the other devisees, as well those who survived, as the representatives of those dying before the devisee: 2 Pow. 723; 8 Ves. 10; 14 Ib. 576.

The ruling of the court, and the rejection of the evidence, were the errors assigned.

*Robinson*, for plaintiff in error, cited 2 Barr, 335; 3 Johns. 292; 2 Penn. Rep. 298.

*McClure* and *McCandless*, contrà.—Pow. on Dev. 723; 8 Ves. 10; 14 Ib. 576; 6 W. 21; 9 Ib. 450; Cro. Jac. 590, 695; Cro. Eliz. 52; 2 Ves. 88; 2 Yeat. 400; 7 W. & S. 96.

*Sept.* 18. BELL, J.—We are satisfied that the construction put upon the will in question by the court below, is the right one; and the reasons therefor are so satisfactorily stated in the opinion of the judge before whom the cause was tried, that, upon this point, nothing more is called for than to add to the authorities collected by him, the cases of Eichelberger *v.* Barnitz, 9 W. 450, and Langley *v.* Heald, 7 W. & S. 96. The determination, in Jackson *v.* Blanshan, 3 Johns. Rep. 292, cited by the counsel of the plaintiff in error, upon the effect of the word "survivors," in a will, seems to be at variance with the weight of authority, and is scarcely consonant with the rule which looks to the testator's intention as the guide in construing testaments. It excludes from enjoyment of the subject devised, the children of those who die living any of the devisees subsequently dying without issue; a conclusion which, though perhaps justified by the usual meaning of the terms employed, is unsustained by the intention properly imputable to the devisor, who, in the absence of express direction or an equivalent implication, ought not to be suspected of a design to disinherit the issue of those who had fulfilled the principal condition annexed to the gift. To avoid such a result, the word "survivors," in the connexion in which it is here found, has been construed to mean "others," so as to let in the issue of the first takers. As illustrative of this rule, almost our very case is put by Powell as the result of the authorities. "If," says he, "property be given to several persons, with a proviso that, in case of the death of any without leaving children at their death, their shares shall go to the survivors, but in the case of the death of any leaving children, then their shares to belong to such children; if one of the devisees die leaving issue, and then another die not leaving children, the share of the latter will go as well to the surviving objects as to the children of the deceased objects; and, by parity of reasoning, if all the legatees were then dead, leaving children, so that there were in fact no survivors, the children would take the whole:" 2 Pow. on Dev. 723.

The judgment recovered by Klinefelter and wife against Patterson's Executors and others, was properly rejected as irrelevant. An inspection of the record of that case, shows that it was an action brought to recover the legacy bequeathed to the testator's

daughter, as though it was charged on the land devised; and the judgment rendered on the verdict is *de terris*, against the shares devised to the sons, John, Thomas, and Robert, and afterwards allotted to them in severalty. Samuel's interest, which had before been sold by the sheriff of the county, by virtue of an execution against him, was thought to be discharged of the lien of the legacy; and this accounts for the special character of the judgment recovered by Klinefelter and wife. Now, although an error may have been committed in treating the legacy as a charge on the land, we are not at liberty to give the judgment a more extended operation than is assigned to it by the terms in which it was rendered, dictated by the exigencies of the clumsy remedy then in use for the recovery of legacies charged on land, and supposed to be sanctioned by McLanahan *v.* McLanahan, 1 Penn. Rep. 96. We cannot correct, collaterally, blunders committed in the conduct of the principal cause. The remedy of the legatees was, properly, a personal one against the devisees. But if it be conceded the legacy was charged on the subject of the devise, the land now in controversy was discharged of its proportion of the burden by the judicial sale under the judgment recovered against Samuel, the devisee, and was, therefore, not liable to be again called on, in the hands of the purchaser. It results that the judgment and execution, offered in evidence, as showing an outstanding title adverse to that set up by the plaintiff below, were incompetent to work the effects attributed to them, and consequently properly excluded.

It is scarcely necessary to say, that the judgment recovered by James Patterson against Samuel Lapsley, in 1819, and the sale under it of his interest in the land to John Lapsley, passed but the estate tail, which was defeated by Samuel's death without issue; thus making way for the operation of the remainder limited over.

Judgment affirmed.