## Vance's Estate.

*Will—Construction—Avoidance of intestacy.*

A will must be construed so as to avoid a partial intestacy unless the contrary is unavoidable.

Testatrix gave the residue of her estate to trustees to pay over the income thereof to her seven children for life.  She further directed as follows: " All my children to share and share alike and from and after the decease of any of them, my children, the equal share of the principal such child may be entitled to be paid over to and equally among any child or children she or he may have as they arrive at lawful age.  Should any of my children die without lawful issue then the share of the child deceased to be held in trust by my executors hereinafter named for the surviving children on the same terms heretofore expressed and the dividend, interest or increase thereof to be paid over equally in the manner heretofore provided for.  And on the death of any other child leaving issue the principal of such shall go to and be divided among such issue equally as they may

arrive at lawful age. The issue of any of my deceased children to have such share as the parent would have been entitled to if living." *Held*, that the word "surviving" as used in the will is to be taken to refer to the children surviving at the time of the death of the testatrix, and not to refer to children surviving at the death of a life tenant.

Argued Jan. 20, 1904. Appeal, No. 200, Jan. T., 1903, by Jane E. Robinson, from decree of O. C. Phila. Co., Jan. T., 1888, No. 120, sustaining exceptions to adjudication in estate of Louisa R. Vance, deceased. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Exceptions to adjudication.

At the audit before HANNA, P. J., it appeared that Jane Vance died in May, 1863, leaving a will by which she directed, inter alia, as follows:

"All the rest, residue and remainder of my estate, both real and personal, including the proceeds of real estate if any be sold, I give and bequeath to my executors hereinafter named, the principal thereof to be held by them in trust to be invested by them at their entire discretion and the interest, dividend or increase only to be paid to the sole and separate use of each of my children during the term of their natural life, viz., John S. Vance, Samuel B. H. Vance, James M. Vance, Margaretta T. Kirk, Mary Ann Archer, Louisa R. Vance and Jane Eliza Robinson without liability to any debt or obligation of my sons and without liability to any debt or obligation of my daughters or any husband they may have or may have had. All my children to share and share alike and from and after the decease of any of them, my children, the equal share of the principal such child may be entitled to be paid over to and equally among any child or children she or he may have as they arrive at lawful age. Should any of my children die without lawful issue then the share of the child deceased to be held in trust by my executors hereinafter named for the surviving children on the same terms heretofore expressed and the dividend, interest or increase thereof to be paid over equally in the manner heretofore provided for. And on the death of any other child leaving issue the principal of such shall go to and be divided among such issue equally as they may arrive at

lawful age.    The issue of any of my deceased children to have such share as the parent would have been entitled to if living."

Mrs. Kirk died in her mother's lifetime.    At the time of the audit the only survivor was Jane E. Robinson.    Louisa R. Vance died on May 31, 1901, unmarried, and without issue, thus leaving her sister Jane E. Robinson the sole survivor of the children of the testatrix.    The auditing judge awarded the whole interest of Louisa R. Vance in trust for Mrs. Robinson to the exclusion of the representatives of the other brothers and sisters.    Exceptions to the adjudication were sustained in an opinion by FERGUSON, J., in which HANNA, P. J., concurred.

*Errors assigned* were in sustaining exceptions to adjudication.

*Ruby R. Vale*, with him *Alexander & Magill*, for appellant.

*Thomas S. Williams*, with him *William C. Hannis*, for appellee.

PER CURIAM, October 10, 1904:

The opinion of the learned judge of the orphans' court who passed on and sustained the exceptions to the adjudication of the auditing judge correctly announces the law by which this will must be interpreted.    " A will must be construed so as to avoid a partial intestacy unless the contrary is unavoidable: " Appeal of Boards of Missions, 91 Pa. 507.    If the interpretation placed upon this will by the learned auditing judge should prevail, then should Jane E. Robinson die without issue, the fund for distribution would not be subject to distribution by the will, but would go to the next of kin under the intestate laws.. The interpretation put upon the will by the court below not only avoids intestacy, the result sought by law, but secures equality of distribution among the children of testatrix.    And this is the very substance of the ruling of the present chief justice in Woelpper's Appeal, 126 Pa. 562, and the other cases cited by appellant.

This correctness of the opinion of the orphans' court is confirmed by the fact that Auditing Judge HANNA, after it was rendered, concurred in it.

The decree of the orphans' court is affirmed.