## Beckley *v.* Riegert, Appellant.

*Will—Life estate—Estate tail—Dying without issue.*

In a will "issue" prima facie means "heirs of the body" and will be construed as a word of limitation, and "dying without issue" standing alone means an indefinite failure of issue. But this construction will always yield to an apparent intent on the face of the will that the words were to have a more restricted meaning and to be applied to descendants of a particular class or at a particular time and not to all the descendants of every generation.

Dying without issue "living at the time of his decease" means a definite failure of issue.

A limitation over to take effect on the failure of issue within a given time will not give rise to an estate tail by implication in the prior taker.

Testator gave and devised a tract of land to his son A during the natural life of A. He then directed as follows: "If my son A shall die without lawful issue, then the above devised messuage or tract of land shall fall back to my two sons, F and G, but if my son A having lawful issue at the time of his death, then I give and devise the above messuage or tract of land to him and his heirs forever." *Held,* that the limitation over was after a definite failure of issue, and that A took merely a life estate in the land devised to him.

Argued Feb. 16, 1905. Appeal, No. 24, Jan. T., 1905, by defendant, from judgment of C. P. Lebanon Co., June T., 1904, No. 255, for plaintiff on case stated in suit of John Adam Beckley v. L. Raymond Riegert. Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Case stated to determine marketability of title to real estate.

From the case stated it appeared that plaintiff was in possession of a farm in South Lebanon township containing fifty acres devised to him by the will of his father, John Beckley. The material portion of the will is quoted in the opinion of the Supreme Court. Plaintiff entered into an agreement to sell the land to the defendant, but the defendant on examination of the title refused the deed tendered to him.

The court entered judgment for plaintiff on the case stated. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on case stated.

*P. S. Keiser* and *H. C. Shirk*, with them *G. H. Moyer*, for appellant.—Plaintiff took a life estate only: Stoner v. Wunderlich, 198 Pa. 158; Cameron v. Coy, 165 Pa. 290; Tyson's Est., 191 Pa. 218; Taylor v. Taylor, 63 Pa. 481; Parkhurst v. Harrower, 142 Pa. 432; Jessup v. Smuck, 16 Pa. 327; Bedford's App., 40 Pa. 18.

*Eugene D. Siegrist*, for appellee.—Plaintiff took an estate in fee simple: Lawrence v. Lawrence, 105 Pa. 335; Grimes v. Shirk, 169 Pa. 74; Price v. Taylor, 28 Pa. 95; Smith's App., 23 Pa. 9; Kleppner v. Laverty, 70 Pa. 70; Powell v. Board of Domestic Missions, 49 Pa. 46; Haldeman v. Haldeman, 40 Pa. 29; Hiester v. Yerger, 166 Pa. 445; George v. Morgan, 16 Pa. 95; Paxson v. Lefferts, 3 Rawle, 59; Crockett v. Robinson, 46 N. H. 454; Reimer v. Reimer, 192 Pa. 571; Morrison v. Truby, 145 Pa. 540; Marshall's App., 5 Pa. 388; Postlethwaite's App., 68 Pa. 477; Stouch v. Zeigler, 196 Pa. 489; Ray v. Alexander, 146 Pa. 242; Grimes v. Shirk, 169 Pa. 74; Price v. Taylor, 28 Pa. 95; King v. Frick, 135 Pa. 575; Stevenson v. Fox, 125 Pa. 568; Karker's Appeal, 60 Pa. 141; Mickley's Appeal, 92 Pa. 514; Flick v. Oil Co., 188 Pa. 317; Vaughan v. Dickes, 20 Pa. 509; Bright v. Esterly, 199 Pa. 88.

OPINION BY MR. JUSTICE FELL, May 15, 1905:

The question to be determined is whether the plaintiff took an estate tail, converted to a fee simple by virtue of the Act of April 27, 1855, P. L. 368 or a life estate only, under the following provision of his father's will: " I give and devise unto my son Adam my messuage, tenement or tract of land—during the natural life of my son Adam. If my son Adam shall die without lawful issue, then the above devised messuage or tract of land shall fall back to my two sons, Franklin and George, but if my son Adam having lawful issue at the time of his death, then I give and devise the above messuage or tract of land to him and his heirs forever." In terms the testator gave a life estate to his son Adam with remainder to Adam's issue, if he had issue at the time of his death, and in default thereof to the testator's sons, Franklin and George. The expressions " shall die without lawful issue " and " having lawful issue at the time of his death " must be considered together as

fixing the time when the other sons would take. That time was when Adam should die without issue at the time of his death. The limitation over was after a definite failure of issue and the particular intent is not defeated by the creation by implication of an estate tail. In a will " issue " prima facie means " heirs of the body " and will be construed as a word of limitation, and " dying without issue " standing alone means an indefinite failure of issue. But this construction will always yield to an apparent intent on the face of the will that the words were to have a more restricted meaning and to be applied to descendants of a particular class or at a particular time and not to all the descendants of every generation. Dying without issue " living at the time of his decease " means a definite failure of issue: 4 Kent's Com. 274. A limitation over to take effect on the failure of issue within a given time will not give rise to an estate tail by implication in the prior taker. The case is to be classed with the exceptions to the general rule that where there is a limitation over in fee after death without issue, or on failure of issue, or words of similar import, the estate of the first taker is a fee tail: Eichelberger v. Barnitz, 9 Watts, 447; Langley v. Heald, 7 W. & S. 96; and it is governed by Taylor v. Taylor, 63 Pa. 481; Parkhurst v. Harrower, 142 Pa. 432, and Nes v. Ramsay, 155 Pa. 628. The judgment is reversed, and it is directed that judgment be entered for the defendant on the case stated.