# Todd, Appellant, v. Armstrong.

*Will—Devise—Life estate.*

Testator having devised real estate to his daughter directed as follows. "I direct that if my daughter should die unmarried, or having been married should die without issue born of her body, the estate herein bequeathed and devised to her shall vest in the manner following, to wit: If her mother be living a life estate to her, or if my daughter be married and her husband living a life estate to him, on failure of these, then" over. The daughter died without leaving living issue. The mother died before the daughter, and the daughter was survived by the husband. *Held*, that the husband took only a life estate in the real estate devised to his wife.

Argued Nov. 2, 1905. Appeal, No. 201, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1905, No. 295, for defendant on case stated in suit of James Walker Todd v. John H. Armstrong. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine the marketable title to real estate. The facts are set forth in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant.

*J. M. Shields*, for appellant.—Where the gift over is not merely dependent upon death but upon dying unmarried and without issue, the event will be construed to mean not a death generally at some time or other, but a death in the testator's lifetime, if the fund or property itself, and not merely the interest or income, is given absolutely to the person whose death is spoken of: Caldwell v. Skilton, 13 Pa. 152; Richards v. Bentz, 212 Pa. 93; Biddle's Estate, 28 Pa. 59; Schoonmaker v. Stockton's Admr., 37 Pa. 461; Shutt v. Rambo, 57 Pa. 149; Karker's Appeal, 60 Pa. 141; Fahrney v. Holsinger, 65 Pa. 388; Mickley's Appeal, 92 Pa. 514; Fitzwater's Appeal, 94 Pa. 141; Stevenson v. Fox, 125 Pa. 568; King v. Frick, 135 Pa. 575; Morrison v. Truby, 145 Pa. 540; Coles v. Ayres, 156 Pa. 197; Mitchell v. Railway Co., 165 Pa. 645; Keating v. McAdoo, 180 Pa. 5.

*Joseph Stadtfeld*, for appellee, was not heard.

OPINION BY MR. JUSTICE ELKIN, January 2, 1906:

The affirmance or reversal of the judgment entered in the court below depends upon the decision of the question whether the appellant took a fee simple estate under the will of his wife, or only a life estate under the will of William Jackson, deceased. The title to the property in question was originally vested in the said William Jackson, deceased, who by his will dated August 17, 1864, devised it to his daughter, Agnes Jackson, subject to certain conditions and contingencies therein set out. It is provided in the fourth paragraph of the will as follows:

" I direct that if my daughter should die unmarried, or having been married should die without issue born of her body, the estate herein bequeathed and devised to her shall vest in the manner following, to wit:

" If her mother be living a life estate to her, or if my

daughter be married and her husband living a life estate to him, on failure of these, then the same shall vest in Robert Watson."

The daughter named in the will, wife of the appellant here, died without leaving living issue. The mother died before the daughter, and the daughter was survived by her husband, the plaintiff in this case. Agnes Jackson, the daughter, acting on the theory that she took an estate in fee simple under the will of her father, devised the property in dispute to her husband, the appellant, and his heirs forever. The husband after the death of his wife, the said Agnes Jackson, entered into an agreement to sell and convey said property to the appellee, in fee simple, by general warranty deed, clear of all encumbrances. The purchaser refused to take the title on the ground that the appellant only enjoys a life estate in the property, and cannot convey a title in fee simple. The court below held that the will of William Jackson, deceased, imports a definite failure of issue in Agnes Jackson, and that the plaintiff only took a life estate in the real estate in question, and therefore entered judgment in favor of the defendant. In this there was no error. We arrive at the same result no matter whether we view the question from the standpoint of the plain meaning of the testator as appears in the will itself, or apply the technical rules of construction recognized and followed in many cases.

We have frequently said, and now repeat, that where the intent of the testator clearly appears in the will itself it is unnecessary to apply technical rules in order to determine the meaning intended. What did the testator mean by providing that if his daughter should die unmarried or having been married should die without issue born of her body? The answer is obvious. Under these conditions the estate devised should be enjoyed by her mother for life ; then a life estate to the husband, and when these estates failed the title should vest absolutely in Robert Watson. The testator said what he intended and intended what he said. At the time of the death of the daughter, the mother was dead, there was no living issue born of the body of Agnes Jackson, her husband therefore took a life estate.

We arrive at the same result by an application of settled rules of construction. In a will it is true the primary meaning of the

word " issue " is " heirs of the body," and it is construed as a word of limitation, and " dying without issue," standing alone means an indefinite failure of issue, but this general rule does not apply where the devise over of land to take effect is expressly or impliedly for a period of a life or lives in being and twenty-one years thereafter.

The rule has been stated by Mr. Justice FELL in Beckley v. Riegert, 212 Pa. 91, wherein it is said: " In a will ' issue ' prima facie means ' heirs of the body ' and will be construed as a word of limitation, and ' dying without issue ' standing alone means an indefinite failure of issue.   But this construction will always yield to an apparent intent on the face of the will that the words were to have a more restricted meaning and to be applied to descendants of a particular class or at a particular time and not to all the descendants of every generation."

The will of William Jackson, deceased, imports a definite and not an indefinite failure of issue, and therefore comes within this exception to the general rule.   The estate of the daughter was subject to the condition that she had issue born of her body and living at the time of her death.   No issue having been born and living at that time, the husband took a life estate and the fee passes to Robert Watson.

Judgment affirmed.