# West *v.* Vernon, Appellant.

*Will—Life estate—Issue—Children.*

Testator directed as follows: "To my daughter I give, bequeath and devise the farm . . . . during her lifetime, and at her death I direct the same to be divided equally among her children, should she have any living, and in case she die without living issue, then . . . . this property shall revert again to my estate." *Held*, that the daughter took a life estate only in the farm.

Argued May 8, 1606. Appeal, No. 38, Jan. T., 1906, by defendant, from judgment of C. P. Fayette Co., June T., 1904, No. 272, for plaintiff on case stated in suit of James West and Morgan West v. Pierce Frazee Vernon. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Case stated to determine marketable title to real estate. Before UMBEL, J.

From the case stated it appeared that James West died seized of the property in question, leaving a will, the part of it material to the controversy being quoted in the opinion of the Supreme Court. James West and Morgan West, the plaintiffs, were the only living children and heirs of James West, the testator. After the death of the testator, Mary Frances West was married to Pierce Frazee Vernon, the defendant, to whom she devised all her estate in fee simple. She died

childless. The case stated submitted for the determination of the court the question as to whether or not Mary Frances West took only a life estate in the land under her father's will or whether she took a fee simple which passed by her devise to her husband, Pierce Frazee Vernon.

The court entered judgment for plaintiffs on case stated.

*Error assigned* was the judgment of the court.

*D. M. Hertzog*, for appellant.

*W. J. Johnson*, with him *F. P. Rush*, for appellees.

PER CURIAM, May 24, 1906:

The language of the testator was " To my daughter Mary Frances West, I give, bequeath and devise the farm . . . . known as the Porter farm, during her lifetime, and at her death I direct the same to be divided equally among her children, should she have any living, and in case she should die without living issue, then . . . . this property shall revert again to my estate." This is an express gift of a life estate to the daughter with a remainder over at her death to her children " should she have any living " to wit: living at the time of her death. There is no difference in meaning between the words used " should she have any living " and " having issue at the time of her death " which were held in Beckley v. Riegert, 212 Pa. 91, to carry only a life estate to the first devisee. The testator's intent in both cases is entirely clear to provide for a definite failure of issue at the date of the death of the life tenant, and the present case is even stronger than the other insomuch as the testator uses the word " children " which is prima facie and presumably a word of purchase.

Judgment affirmed.