## Jones v. Gulf Refining Company.

*Wills—Construction—Estate in fee—Estate tail—"Issue"—Act of June 7, 1917.*

1. Prior to the Act of June 7, 1917, P. L. 403, the word "issue" in a will was taken to mean an indefinite failure of issue, unless other language of the will clearly indicated a contrary intention.

2. Where a testator who died in 1882 devised his estate after the death of his wife to his daughter, "her heirs and assigns for ever, if she shall die leaving lawful issue if she shall die without leaving lawful issue, then, and in that case" over to named children of his own in fee, the daughter takes an estate tail, which is converted, under the Act of 1855, into a fee.

Motion for judgment on the pleadings. C. P. No. 2, Phila. Co., Dec. T., 1927, No. 8232.

*William H. Wylie,* for plaintiff; *Maurice W. Sloan,* for defendant.

GORDON, JR., J., April 5, 1928.—This is an amicable action in ejectment, and the case is before us upon a motion for judgment on the pleadings. The question to be decided involves the interpretation of a clause of the will of Benjamin Levy, who died May 24, 1882. Benjamin G. Jones, the plaintiff, is an heir of Emeline Levy Jones, an executory devisee under the will, and the Gulf Refining Company is the grantee of the property devised by the clause under consideration, its grantor being Miriam Levy, who conveyed the property to the defendant in fee under an asserted claim that she received such a title to it under the will.

The question before us is whether Miriam Levy, whose title vested in her prior to the Act of June 7, 1917, P. L. 403, which changed the interpretation to be given to the word "issue" from denoting an indefinite to a definite failure of issue, acquired an estate for life, or an estate in fee tail, converted by the Act of 1855 into a fee. The clause under consideration provides as follows:

"Item. I give, devise and bequeath unto my beloved wife Annie Levy all my Estate, real, personal and mixed of whatever nature or kind and wherever the same shall be at the time of my death, to have and enjoy the same, for and during her natural life and at her death to go to my daughter Miriam Levy her heirs and assigns forever if she shall die leaving lawful issue if she shall die without leaving lawful issue then and in that case I give, devise and bequeath said Estate unto my children to wit: Julia Levy, Emeline Levy, Aaron Levy, Benjamin Levy and Charles A. Levy their and each of their heirs and assigns forever, share and share alike."

Miriam Levy died on July 30, 1927, unmarried and leaving no issue. If, by the language of the will just quoted, she acquired a fee in the property, her conveyance to the Gulf Refining Company, the defendant, was good and judgment should be given in its favor. If, however, she acquired only a life estate, her conveyance to the defendant was bad, and the plaintiff, who, as already stated, is the heir of Emeline Levy, would be entitled to judgment.

It was the well-settled rule of interpretation, when the will before us became operative, that the word "issue" must be taken to mean an indefinite failure of issue, unless other language of the will clearly indicated a contrary intention: Smith *v.* Piper, 231 Pa. 378; English's Estate, 270 Pa. 1; Wettengel's Estate, 278 Pa. 571. The question, therefore, arises: Is there anything in the will to show that the word "issue" in the subsequent clauses can have any other meaning than its technical equivalent of "heirs of the body?" In the devises to Miriam, the words are "to my daughter Miriam Levy, her heirs

and assigns forever if she shall die leaving lawful issue." Under the rule just stated, this clause, standing alone, cannot be other than a devise in fee tail. Do the following words indicate a different intention? They are, "if she shall die without leaving lawful issue, then, and in that case," over to named children in fee. Except for the word "without," these words are identical with the words in the preceding clause, and, under the same rule, have the same legal effect. The two clauses, taken together, are equivalent to saying, "I give and devise to Miriam a fee tail, and if the fee tail fails, then, and in that case," to others in fee. It seems to us that no other meaning can be gathered from these words. If this be so, the executory devise over is void for remoteness, and it follows that Miriam took an estate tail, which was converted into a fee by the Act of 1855: Ingersoll's Appeal, 86 Pa. 240; Hackney v. Tracy, 137 Pa. 53; Smith v. Piper, supra. The decisions cited in plaintiff's brief (such as Stoner v. Wunderlich, 198 Pa. 158) are clearly cases of a definite failure of issue. In Mebus's Estate, 273 Pa. 505, the limitation over was to "surviving" brothers, and so, also, in Martin v. Grinage, 289 Pa. 473. In Stout v. Good, 245 Pa. 383, the will said, "in the event of my said daughter leaving no issue at the time of her death," and so, likewise, in Beckley v. Riegert, 212 Pa. 91, and Nes v. Ramsay, 155 Pa. 628, the language of those wills shows clearly that a definite failure of issue was meant.

We cannot agree with the argument of the plaintiff that the devise to Miriam was dependent on the happening of a contingency implied from the use of the word "if." This word occurs of necessity in practically all cases of this kind, and, if it were given so controlling a significance, the law as established at the time would be practically defeated. The weight of authority seems to us to be clearly with the position taken by the defendant, that Miriam took an estate tail, which, by the Act of 1855, was converted into a fee, and she was, therefore, in a position to convey the fee thus acquired to the defendant.

Accordingly, judgment is entered, under the pleadings, in favor of the defendant, the Gulf Refining Company.