## Albertson's Estate. No. 1

Before Van Dusen, Stearne, Sinkler, and Klein, JJ.

142

*Charles H. Ortt* and *Percival H. Granger*, for Harry J. Roberts, executor, exceptant.

*F. Raymond Wadlinger*, of *Foulkrod, Sheppard, Porter & Alexander*, for William C. Hunneman, Jr., exceptant.

*Albert L. Moise*, for Bank of America National Trust & Savings Association, exceptant.

*Harry B. Schultz* and *D. Arthur Magaziner*, for Joseph Roy Vetterlein, Jr., exceptant.

*Arthur E. Weil* and *Albert L. Moise*, for Henrietta Wagner and Harry Albertson, exceptants.

*Laurence H. Eldredge, Horace M. Schell*, and *Robert T. McCracken*, for Mary Bair, exceptant.

*Isaac S. Grossman*, for Margaret Beitel, contra.

*Morris H. Goldman*, of *Wolf, Block, Schorr & Solis-Cohen*, for R. Russell Hagy, contra.

*Carlyle H. Ross*, of *Evans, Bayard & Frick*, for J. Roy Vetterlein and J. Roy Vetterlein, Jr., contra.

*Samuel Lander* and *William W. Smithers*, for trustee, contra.

STEARNE, J., January 31, 1936.—It has long been a rule that the precise literal signification of the words of a will will not be adhered to if it will lead to an intestacy or to the exclusion from the distribution of per-

sons having a natural claim to participate: see adjudication of Judge Penrose in Fox's Estate, 222 Pa. 108; also Bacon's Estate, 202 Pa. 535, Vance's Estate, 209 Pa. 561, Judge Lamorelle in Gilmer's Estate, 17 Dist. R. 59, and Waln's Estate (No. 2), 25 Dist. R. 607.

Testator created a trust of his residuary estate, to distribute the net income to his widow for life and thereafter for his five named children for their respective lives, in designated proportions. The will provided that upon the decease of each child the corpus of such share was payable to the children of such child (testator's grandchildren) but only to such of them "as shall be then living".

· The widow of testator and all five children are now deceased. Three of the children died leaving children surviving them. As to these shares (which have long since been distributed) there is no controversy. Two of the testator's children have since died without leaving issue. Ella died in 1933 and Charles in 1934. Thus when Ella died Charles was the only child of testator who was still living.

Testator contemplated the possibility of one or more of his children dying without issue. Under such circumstances he provided:

"In case of the decease of any of my said children without leaving lawful issue then in such case, I give devise and bequeath the said part or share bequeathed to the children of such child so dying unto my said executors hereinafter named or the survivor of them in trust to hold the same for my surviving child or children in such shares and proportions in the same manner and for the same uses, intents and purposes and under the same trusts as are hereinbefore set forth and declared of and concerning the parts or shares of my residuary estate hereinbefore given and bequeathed for the use benefit and behoof of my said children respectively."

It is urged that the precise and literal words of the will give the remainder or corpus of such shares in trust

to the "surviving child or children" of testator, and that therefore when Ella died without issue in 1933 her share was payable to Charles for life, and that when Charles died in 1934, without issue (there being no other children of testator surviving) an intestacy resulted. The executor of Amelia (a deceased daughter) maintains that the words of the will vest a fee in all children who survived testator, upon the theory that the words constituted a dry or passive trust.

Upon careful consideration of all the excellent briefs submitted, and despite the earnest argument of the able counsel for exceptants, we are not persuaded the auditing judge erred.

In the circumstances of the present case it seems immaterial whether "surviving children" meant those ascertained as of the date of the death of testator: Nass' Estate, 22 D. & C. 604 (affirmed by the Supreme Court, 320 Pa. 380 or whether the term "surviving" will be regarded as the equivalent of "other" (see adjudication of Judge Penrose affirmed in Fox's Estate, supra). Under either theory the words of the will limited the interest of testator's children to a life estate.

Fox's Estate, supra, clearly rules this case. Its facts are almost identical. There testator gave his estate to trustees in trust for his four daughters, the income to be paid one fourth to each for life, and upon the death of any of the daughters leaving issue, the principal to be granted and assigned to such issue, "and in case of the death of any of my said daughters without lawful issue then upon the further trust that they the said . . . trustees shall hold the share of such deceased daughter in trust for the use and benefit of her surviving sisters in the same and like manner as is hereinbefore expressed and declared of and concerning the respective share of her said surviving sisters". Two of the daughters died leaving children, and their shares were distributed to their children. A third daughter afterwards died leaving no issue. Held, that the share of the third daughter

did not go to the surviving sister, but should be distributed one third to the surviving sister and the remaining two thirds to the children of the deceased sisters per stirpes. Mr. Chief Justice Mitchell wrote at page 112 et seq:

"As was forcibly said by Judge Penrose: 'If the word "surviving", as used by the testator, is to be understood in its precise, literal sense, it necessarily follows that while he made careful provision for his grandchildren, giving to them the "inheritance and fee simple" of the shares originally held in trust for their mother, whose interest was expressly confined to the term of her life, he intended that only the children of a daughter who survived a sister who left no issue should share in the distribution of the part held in trust for her, and to exclude all others; and it also follows that he must have intended if the last survivor of his daughters should die without issue, even though all his other daughters had left children still surviving, there would be an intestacy.'

"But this result is clearly not in harmony with the general intent and scheme of the testator. He treated all his daughters alike, gave each one-fourth of his estate for life with remainder to her issue. Not one of them was vested with power to break the succession of her issue in remainder and nowhere is there any indication that he intended to make any distinction among his descendants of the second generation as to their ultimate share in his estate. That the issue of a sister dying first should thus be cut off from participation in the share of a sister dying subsequently without issue, would be giving an accidental and irrelevant fact an effect contrary to the manifest general intent and an exercise of the power withheld from the daughters themselves. As said by the auditing judge below: 'It is well settled, however, that the word survivor or surviving, will be understood as the equivalent of "other," where in any other sense it would lead to an intestacy or to inequality among those standing in the same de-

gree of relationship to the testator, or to a distribution not in accordance with the general scheme of the will in its entirety: Lapsley v. Lapsley, 9 Pa. 130; Williams on Executors, 1577; Theobald on Wills, 355. See also Vance's Estate, 11 Pa. Dist. Rep. 197; s. c., 209 Pa. 561; Park's Estate, 21 W. N. C. 227; Hubbert's Estate, 6 Pa. Dist. Rep. 96; Vogdes's Estate, 16 Pa. Dist. Rep. 377; Lewis' Appeal, 18 Pa. 318, etc.'

"It is not necessary to resort to the artificial and arbitrary construction that 'survivors' meant survivors at the testator's death. The time in testator's mind was clearly the death of each daughter dying without issue, but he did not mean to make shares of any group of his grandchildren dependent on the accident of their mother's survival of her childless sister. The word 'other' very clearly expresses his general intent and that is the sense in which he used the word 'survivors'."

This principle is illustrated in Vance's Estate, supra. It is clearly a family: Bacon's Estate, supra; or stirpital distribution: Waln's Estate (No. 2), supra.

We are therefore unanimously in accord with the auditing judge's construction of this will, and his award of both principal and income. All exceptions with respect thereto are dismissed.

Exceptions were filed by Joseph Roy Vetterlein, Jr., concerning the refusal of the auditing judge to sustain the validity of an assignment executed by Joseph Roy Vetterlein, Sr. We have carefully read the testimony and are of opinion that the facts and surrounding circumstances connected with the execution and delivery of said assignment were not presented to the auditing judge with sufficient particularity. We therefore dismiss these exceptions pro forma and, at the request of the auditing judge, recommit the record to him for further consideration upon the question of the validity and priority of all assignments and attachments.

Exceptions were filed to the allowance of $1,000 to the accountant as additional compensation. Allowance

of compensation to fiduciaries is clearly within the discretion of the auditing judge, and will not be disturbed except for manifest error: Rumsey's Estate, 287 Pa. 448; Griffith's Estate, 96 Pa. Superior Ct. 242.

We have examined the record and are of opinion that the additional compensation was well earned and is not excessive, and we will not disturb the allowance made by the auditing judge. This exception is dismissed, the exceptions of Harry Albertson and Henrietta Wagner to the awards to Margaret Beitel are sustained pro forma, said exceptants not having appeared at the audit nor been heard by the auditing judge, and the record is recommitted to the auditing judge, at his request, for a reconsideration of the awards to Margaret Beitel.

All other exceptions are dismissed and the adjudication, except as hereinbefore provided, is confirmed absolutely.