# Fetrow's Estate.

*Wills—Construction—Gift to class—Vested and contingent remainders—"Surviving"—"Survivors"—Time for determination of class—Equity of distribution—Avoiding intestacy.*

1. It is a general rule of construction that the word "survivor" or "surviving" following a prior gift is understood as referring to the death of the testator, unless a contrary intention is apparent.

2. Where a testator directed that the proceeds of his real estate,

in which he devised a life interest to a named devisee, should "be equally divided among the surviving devisees named in this will or their legal representatives," he intended that the recipients of his bounty should be the devisees who were living at the time of his own death, and did not restrict the class to those who should survive the life tenant.

3. In such case, the reasonable interpretation of the words "surviving devisees or their legal representatives" is to refer the word "surviving" to testator's death and to construe "or their legal representatives" (whether meaning executors and administrators, heirs or next of kin) as intended to prevent the lapse of the share of any legatee who might die before the time for distribution should arise.

4. This interpretation avoids intestacy and secures equality of distribution among the legatees.

Argued May 14, 1917. Appeal, No. 97, Jan. T., 1917, by Amelia J. Rupp, from decree of O. C. York Co., sustaining exceptions to report of Auditor in estate of Joshua Fetrow, deceased. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Reversed.

Exceptions to report of auditor. Before WANNER, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court sustained exceptions to the report of the auditor. Amelia J. Rupp appealed.

*Error assigned*, among others, was in sustaining exceptions to the auditor's report.

*George Hay Kain*, of *Cochran, Williams & Kain*, with him *E. Philip Stair* and *David P. Klinedinst*, for appellant.—"Survivor" or "surviving" refers to the death of the testator and not to the death of the life tenants: Johnson v. Morton, 10 Pa. 245; Passmore's App., 23 Pa. 381; Ross v. Drake, 37 Pa. 373; McVey v. Latta, 4 W. N. C. 524; Barker's App., 1 Sadler (Pa.) 324; Shallcross's Est., 200 Pa. 122; Black v. Woods, 213 Pa. 583.

The law favors vested rather than contingent estates, and, unless it clearly appears from the context or the circumstances of the case that a contingent interest was intended, the remainder will be regarded as vesting at the death of the testator and not at the expiration of the life tenancy: Bache's Est., 246 Pa. 276; Tatham's Est., 250 Pa. 269; Hood v. Maires, 255 Pa. 128; Bair's Est., 255 Pa. 169.

A will must be construed so that each clause may take effect if possible. No part will be rejected as repugnant if any fair and reasonable construction can be given to the whole which will render each part effective: Finney's App., 113 Pa. 11.

The term "or their legal representatives" prima facie means executors and administrators: Osborn v. First National Bank, 175 Pa. 494; Garrett's Est., 248 Pa. 199.

The use of the words "or their legal representatives" indicates the testator's intention that the legacies should vest at his death: Muhlenberg's App., 103 Pa. 587; Patterson v. Hawthorne, 12 S. & R. 112; King v. King, 1 W. & S. 205; Buckley's Admr. v. Reed, 15 Pa. 83; McGill's App., 61 Pa. 46.

*Jacob E. Weaver*, with him *Donald H. Yost*, for appellees.—The modern rule of construction is that if there is no previous interest given in the legacy, the period of division is the death of the testator, and the survivors on his death will take the whole legacy. But if a previous life estate be given, then the period of division is the death of the tenant for life, and survivors at such death will take the whole legacy: Reiff's Est., 124 Pa. 145; Woelpper's App., 126 Pa. 562; Mulliken v. Earnshaw, 209 Pa. 226; Anderson's Est., 243 Pa. 34; O'Donnell's Est., 252 Pa. 45.

OPINION BY MR. JUSTICE POTTER, June 30, 1917:

Joshua Fetrow died February 25, 1864, leaving a will which contained the following provisions: "I give, de-

vise and bequeath unto Lucinda Dietz widow of Daniel
Dietz deceased, now living with me during her natural
life, the House and land situate in said Spring Garden
Township, adjoining the Codorous Navigation, Loucks
Mill road and lands of Daniel Immel and Alexander
Hay and being the same premises lately occupied by
Joseph Sample. She to have and hold the same and
keep it in repair during her natural life at her death the
same to be sold and the proceeds thereof to be equally
divided among the surviving devises [devisees] named
in this will or their legal representatives."

Lucinda Dietz, who subsequently married John Rut-
ter, died December 15, 1914, and the property devised to
her for life was sold by George A. Fetrow, administra-
tor d. b. n. c. t. a. of Joshua Fetrow.

The question, here in controversy, is whether, when the
testator directed that the proceeds of the real estate in
which he devised a life interest to Lucinda Dietz should
"be equally divided among the surviving devisees named
in this will or their legal representatives," he intended
that the recipients of his bounty should be the devisees
who were living at the time of his own death, or those
only who would survive the life tenant. The auditor
held that he intended the former, while the court below
was of opinion that the latter was intended. In the one
case the legacies would vest at the death of testator, and
in the other at the death of the life tenant. As only one
of the devisees, Michael Fetrow, survived the life tenant,
the court below held that he took the entire fund and
awarded it to his executors. This appeal was taken by
Amelia J. Rupp, a legal representative of a devisee who
died after the death of the testator but before the death
of the life tenant.

The general rule in Pennsylvania is, and always has
been, that the word "survivor" or "surviving" follow-
ing a prior gift, is understood as referring to the death
of the testator, unless a contrary intention is apparent:
Shallcross's Est., 200 Pa. 122; Woelpper's App., 126 Pa.

562; Ross v. Drake, 37 Pa. 373. We find nothing in the will of Joshua Fetrow which discloses an intention that the words "surviving devisees" are to apply to a period other than that of testator's death. In order to make them apply to the period of the life tenant's death, the court below inserted the additional word "then." But that word is not found in the will, in that connection. It also became necessary practically to ignore the words "or their legal representatives." It is true that the court suggests that these words were intended to provide an alternative distribution of the fund in the event of all the legatees named in the will dying before the death of the life tenant. But the result of such a construction is that in case one of the legatees survived the life tenant, which actually occurred, the words "or their legal representatives" are given no effect whatever.

We think the reasonable interpretation of the phrase "surviving devisees or their legal representatives," is to refer the word "surviving," in accordance with the rule, to testator's death and construe "or their legal representatives" (whether meaning executors and administrators, heirs or next of kin), as intended to prevent the lapse of the share of any legatee who might die before the time for distribution should arrive. The court admits that the words must have been given that meaning, if all the legatees had died before the date of the life tenant's death. It is not probable that the testator intended that, if none of the legatees should live to share in the fund, the legal representatives of all should take, but, if one only should survive, the legal representatives should all be excluded. We think the construction adopted by the auditor was in accordance with testator's intention. If "surviving" refers to the death of the life tenant, as was held by the court below, then the death of Michael Fetrow during the life tenancy would have created an intestacy. The interpretation placed upon the phrase by the auditor avoids intestacy and secures equality of distribution among the legatees. We think

the testator evidently intended that the proceeds arising from the sale of the property should be divided among certain persons, who were definitely determined by his will as construed in Fetrow's Est., 58 Pa. 424, and the legal representatives of such of them as predeceased the life tenant.

The assignments of error are all sustained, the decree of the court below is reversed, and the record is remitted that distribution may be made in accordance with the report of the auditor.