## French's Estate.

*Wills — Construction — Presumption — Dying intestate—Disinheriting heir—Precedents.*

1. The presumption that a testator did not intend to die intestate as to any part of his estate, is of the same force and effect, but of no greater dignity, than that which says an heir is not to be disinherited except as the result of express words or necessary implication.

2. Being presumptions merely, neither of them will be permitted to defeat the intention of a testator, expressed in, or clearly to be implied from, the language of his will.

3. Precedents are of little value in the construction of wills; under dissimiliar circumstances and with different contexts, the same words may express various intentions, and hence be construed differently.

*Wills — Construction — Implied gift — Cross limitations—Presumption — Evidence — Avoidance of intestacy—Unexpressed intention.*

4. An implied gift or cross limitation over must arise from the language of the will being construed; in the absence of a provision or a clear implication to that effect, the fund for distribution must be given to testator's heirs.

5. Where a gift is to the beneficiaries nominatim, there is no implication of a cross limitation over.

6. The presumption of an intention to avoid an intestacy, is not a sufficient reason for implying a gift or cross limitation over.

7. The courts can only construe a will as made; they cannot add anything to it in order to carry out a possible but unexpressed intention, which cannot properly be implied from the language used.

Argued December 6, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

Appeals, Nos. 284 and 285, Jan. T., 1927, by Mary Harriet French and E. Kenneth Johnson, administrator, et al., from decree of O. C. Phila. Co., Oct. T., 1924, No. 3323, dismissing exceptions to adjudication, in estate of Samuel H. French, deceased. Affirmed.

Exceptions to adjudication of HENDERSON, J.: 9 Pa. D. & C. 63.

Exceptions dismissed in opinion by LAMORELLE, P. J. Mary Harriet French and E. Kenneth Johnson, adm'r, et al., appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Edgar S. McKaig,* for Mary Harriet French and E. Kenneth Johnson, adm'r of estate of Minnie Lippincott French Johnson, deceased, Alice French and Mary Helen French Schauffele.—Prior distribution is not and cannot be in question: Keller's Est., 224 Pa. 523.

As to the presumption against disinheriting the heir, there is the countervailing presumption against the testator intending to avoid an intestacy as to any part of his estate.

The rule with respect to interest is stated that the heir is not to be disinherited except by plain words or necessary implication.

A careful reading of the entire will indicates that what the testator has provided for until all of his children are dead is a periodical distribution of income to the children who are alive to take it, as long as any of them continue to live: Rowland's Est., 141 Pa. 553; Huddy's Est., 63 Pa. Superior Ct. 34; Maxwell's Est., 261 Pa. 140; Kemble's Est., 279 Pa. 368; Glass v. Morgan, 241 Pa. 240; Biles v. Biles, 281 Pa. 565.

*Robert F. Irwin, Jr.,* of *Clement, Donahue & Irwin,* for Gnade J. Jakob, admrx. d. b. n. of estate of Clara A. F. Jakob.—The children of testator are not considered as a class in the will nor are they preferred as such and throughout are considered as individuals.

The presumption that an heir is not to be disinherited except by plain words or necessary implication is of equal if not greater force than the presumption that the testator did not intend an intestacy, particularly where those seeking to invoke the second presumption are seeking to obtain a greater share of the income than they would have been entitled to as heirs to the injury of those who are heirs: Lippincott's Est., 276 Pa. 283; Brush's Est., 277 Pa. 9.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1928:

The only question involved in these two appeals is whether or not testator's will provides for the distribution of income accruing on shares given to a son and a daughter for life, between the dates of their deaths and that of the last survivor of testator's children. The court below held that it does not, and awarded this in-

come as upon an intestacy. The extreme length and complexity of the will open wide the door to all sorts of arguments regarding it; but, on the point now being considered, it is not so complex as at first appears, and an analysis of it compels an affirmance of the decree.

Testator devises his residuary estate upon spendthrift and separate use trusts, to pay his two daughters, naming them, certain sums for life, any surplus to be expended to pay off the mortgages on his properties, with power to the trustees to convert the principal of the estate and appropriate the proceeds to liquidating the mortgages, and to invest the surplus, if any, in the way there stated. At the time of his death such mortgages existed, but none of them were paid out of income. He next provides for the carrying on of his business; and then declares that, after his real estate is clear of encumbrances, the surplus income shall be distributed between his two daughters (specifying who they are by reference to preceding paragraphs of the will where they are named), and his two sons, naming them, in the way stipulated "subject, however, to the following clause or paragraph," which provides that the trust shall continue for the benefit of all four of his children for life (designating them by reference to an earlier paragraph where they are named), under spendthrift and separate use trusts, and that any of the children might will his or her share of the corpus to testator's other children or a named daughter-in-law, "subject, however, to the provisions made hereinafter for the distribution of my estate," which state exactly how it shall be distributed, and hence probably render nugatory the supposed power of appointment. Testator also gives to the majority of his children an authority (which they have not attempted to exercise) to have the trust dissolved, except as to the share of one of his sons (which is not affected by the decree of the court below), and then provides that after the death of all his children, the trust shall continue for the benefit of his

grandchildren or their legal issue, upon like spendthrift and separate use trusts, "until the decease of all my grandchildren now living,— after which the corpus or principal of my estate shall be divided among the legitimate heirs of my grandchildren" in the way there specified.

Two of the children, whose shares are affected by the decree, have died, without attempting to exercise the supposed power of appointment; one child still survives; the trustees filed an account, showing income accruing after the deaths of the two, and, as stated, the court below awarded, as upon an intestacy, the parts thereof which they would have received if living. If only the language of the will is to be considered, the foregoing analysis demonstrates that no other conclusion is legally possible; for the will does not state to whom, after the death of a child, the subsequent income on his or her share shall be given, except as it specifies that the income which accrues after all the children have died shall go to the grandchildren.

Appellants contend, however, that the initial gift of the income is to the children as a class, and hence there is an implied gift or cross limitation over to the survivors, which construction is especially required, because of the presumption that testator did not intend to die intestate as to any part of his estate. This presumption, they claim, is of greater dignity than the one upon which the court below and appellee partly rely, namely, that the heir is not to be disinherited except as the result of express words or necessary implication, though we have repeatedly said that they have exactly the same force and effect: Grothe's Est., 229 Pa. 186, 190; Lippincott's Est., 276 Pa. 283, 290. We have, therefore, considered the will without regard to either presumption; and, in doing so, out of deference to the earnest and elaborate argument of appellants' counsel, have most carefully weighed every point suggested by him, but find ourselves unable to agree with his con-

tention that the original gifts to the children were to them as a class. Nothing would be gained by elaborating the reasons for this conclusion, beyond the foregoing analysis of the will, which shows that the gifts were to the children individually and not collectively; those who wish to examine the question more fully can turn to the adjudication of the auditing judge in the court below, and to the opinion of that court on appellant's exceptions.

Under varying facts, the authorities on the point involved seem conflicting, though they are not really so, it being still true, "as we have said many times before, [that] precedents are of little value in the construction of wills, because, when used under dissimilar circumstances and with different contexts, the same words may express various intentions": Reiff v. Pepo, 290 Pa. 508, 516. Nevertheless, it may not be inappropriate to quote from Grothe's Estate, supra, in which the facts are not essentially different from those appearing in the instant case, and where every contention made by these appellants was likewise made and answered.

We there said (229 Pa. 189 et seq.): "It is strenuously contended that the grandson should take this one-third of the income, after the son's life interest therein, under the doctrine of an implied gift or cross limitation, and that to hold otherwise will result in a partial intestacy. It is true that the reasonable presumption is that when the will was executed the testator did not intend to die intestate as to any part of his property, and that neither the precise language of the instrument nor the form of expression but the meaning to be gathered from the whole will determines whether survivorship was intended by the testator. The survivor will take the estate if from the whole will it can be reasonably inferred that such was the intention of the testator. It is his intention, ascertained from his will, which must govern in every case and when that is ascertained it is the duty of the court to carry it out. While it is a

presumption that the testator intended to dispose of his whole estate, there is a like presumption of equal force that the heir is never to be disinherited except by plain words or necessary implication. These presumptions, we have frequently said, are of like force and effect, and in applying one we must not overlook the other. Neither presumption, however, can be permitted to defeat the intention of the testator which is expressed in apt words or appears by clear implication.......His [appellant's] right to the income rests wholly on the doctrine of an implied gift or cross limitation. But this must arise from the language of the will, and unless there is a clear implication that such limitation was intended by the testator, the fund cannot be taken from the heir and disposed of through another channel of distribution. The gift of the income is not to a class but to the three beneficiaries nominatim; neither is it a joint tenancy with the right of survivorship. The plain language of the will vested the income in the three individuals respectively until the death of the son and the grandson and the death or remarriage of the widow. Whether intentionally or otherwise, the testator did not dispose of the income after the life estate given to the three individuals, and, therefore, there is no reason to suppose that he intended that the survivor should take the whole income until the distribution of the corpus of the trust fund, unless the presumptive intention to avoid an intestacy should disclose such purpose. This, however, is not a sufficient reason for implying a gift or a cross limitation. If it was, no intestacy would ever occur......The simple fact that the principal is not distributable until the death of the last of the three legatees is not of itself sufficient to create an implied gift to the survivor......It is only when the language of the will expressly or by clear implication discloses the intention of the testator that the courts may carry it out. It will not do for the courts to undertake to guess at the intention of a testator and

declare that to be his will. If he sees fit for any reason not to dispose of any part of his estate, or such is the result of ignorance or oversight, the courts cannot supply the gap or hiatus and reconstruct the will. To do so would be a perversion of the functions of the court, and deprive a testator of the right to dispose of his property."

The decree of the court below is affirmed and each appeal is dismissed at the cost of the appellant therein.