Argued January 3, 1934.
The facts are stated in opinion of GEST, J., of the lower court, LAMORELLE, P. J., GEST, HENDERSON, VAN DUSEN, STEARNE and SINKLER, JJ., as follows:
Whenever a testator uses words of survivorship without clearly indicating the period of time, or the event, at which the survivorship is to be ascertained, the interpretation of the will is often debatable, and this case is an illustration. The gift over at the death of the life tenant, one of the testator's four children, was, as to three-fourths of the estate, to her children or children of deceased children, and if she died without such issue (which event occurred), "to hold the same for my surviving children as if the same had formed part of their original shares." The life tenant was given a power of appointment over the remaining one-fourth, which she properly exercised by will, and no question arises as to this purpart. The auditing judge followed the rule well established in this State, and referred the survivorship to the death of the testator, and so distributed three-fourths of the estate in thirds to and among the estate of Edward S. Handy, Jr., who had died without issue, the children of Alice Baltzell, who had died leaving issue, and Harry H. S. Handy, who is living, and now, by these exceptions, claims that he, as the sole survivor of the testator's children, is alone entitled.
This canon of construction was clearly enunciated by PENROSE, J., in Sterling's Est., 24 W. N.C. 495, where, disregarding the later English cases, he said that in the *Page 63 
absence of controlling evidence of a different intention, the survivorship will be understood as referring to the death of the testator. Of course, the testator's intention must always govern, but the general rule is as stated, and, as ASHMAN, J., said in Kelly's Est., 193 Pa., at page 50, where the meaning of the word "survivor" was debated, "there are cases in which to cast all rules aside will be to fish for the testator's intent without a line." Recent affirmations of the rule may be found in Anderson's Est., 243 Pa. 34, and Fetrow's Est., 259 Pa. 89.
From our examination of the will as a whole, we do not find any controlling evidence therein of a different intention. On the contrary, we find some corroborative evidence that the testator's intention agrees with the rule. Thus, in the second paragraph of the will, the testator bequeathed certain personal effects to his wife for life and at her death to his children "then surviving." And in the last part of the paragraph under discussion he provides that if his daughters, or either of them, should die without exercising their right of testamentary appointment over one-fourth of their shares, and without leaving issue, this purpart shall be paid to "my nearest relatives in blood then living." This shows that when the testator desired to limit the survivorship to those persons who might be living at a designated period, he knew very well how to do it. We do not agree with the argument of the learned counsel for the exceptant, who would draw the contrary conclusion from these provisions of the will.
The exceptant relies largely on Woelpper's App., 126 Pa. 562, but there, as we endeavored to show in Jones's Est., 7 Pa. D. C. 335, the testator had himself provided a substitutionary gift to those who might otherwise, by operation of the general rule, be excluded, so that there would be no necessity for presuming an intention in favor of vesting at his death. In Woelpper's Appeal, the remainders were in favor of "the surviving brothers and sisters and the lawful issue of such as may be dead (if *Page 64 
any)," so the Supreme Court held that the death of the life tenant was the period of vesting, and therefore excluded from participation the estate of a son who died without issue before the life tenant. A similar explanation of Woelpper's Appeal, in Alburger's Est., 30 D. R. 301, was adopted by the Supreme Court in Alburger's Est. (No. 2), 274 Pa., at page 21. See also Miller's Est., 4 D. R. 764.
On the other hand, Fox's Est., 222 Pa. 108, while not identical with the present case, would appear to be in point. There the remainder after the death of a daughter was in trust for her surviving sisters, in the same manner as was declared concerning the respective shares of her surviving sisters. Here the remainder is to be held for my surviving children as if the same had formed part of their original shares.
This estate has been twice before the Supreme Court in Handy's Est., 167 Pa. 552, and Handy's Est., 182 Pa. 68, but, after careful examination of these reports, we do not find that they at all affect the question now before us. Counsel also referred to a prior adjudication in this estate upon the death of Edward S. Handy, Jr., who died in 1913, intestate, without issue, but leaving a widow, where his trust share was awarded to the three other children of the testator who survived the life tenant. Counsel for the present exceptant claims that if the present adjudication is correct, the estate of Edward S. Handy, Jr., would have been entitled to one-fourth, and that this prior adjudication is res judicata and establishes the construction of the will.
The record shows that Clara C. Handy, as administratrix of her husband, Edward S. Handy, Jr., was awarded the income accrued on her share. No question whatever was raised before the auditing judge. The adjudication followed literally the prayer of the petition and has been acquiesced in for twenty years. If any error was there made we are not bound to make another: Kellerman's Est., 242 Pa. 3. *Page 65 
The exceptions are dismissed and the adjudication is confirmed absolutely.
Harry H. S. Handy, surviving child of testator upon death of life tenant, appealed.
Error assigned, inter alia, was decree, quoting record.
The questions involved in this appeal are fully and correctly disposed of in the opinion of the court below by Judge GEST. The decree is affirmed on that opinion.