## Selser's Estate.

Argued March 15, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, RHODES and HIRT, JJ.

*Gilbert P. High,* for appellants.

*Samuel D. Conver,* for appellees.

OPINION BY HIRT, J., April 21, 1939:

The appeal in this case is directed to two items of distribution of the residuary estate of Mary Ellen Selser, one to the Methodist Episcopal Home for the Aged and the other to the Baptist Home for Old People, both of Philadelphia. The interests so awarded are claimed by the estate of William A. Selser, appellant.

Mary Ellen Selser died testate on July 22, 1913. The following are the material provisions of her will:

"15. All the residue and remainder of my estate, I give, devise and bequeath unto my executors hereinafter named, to hold the same in trust, and to pay the net income therefrom unto my brother, Joshua L. Fields during his natural life, and after his decease to pay such income unto his son, William J. Fields, during his life ......

"At the death of the said William J. Fields, I direct

that the residuary estate in the hands of my trustees, shall be divided in equal shares to and among his children, if any, the shares of such children to be paid over to them as they respectively attain the age of twenty-one years.

"In default of children or issue surviving the said William J. Fields, then I direct that the said principal shall be divided into three equal shares or parts, and one of said shares shall be paid over to William A. Selser, or his issue; and another share shall be paid over to Clarence Jacoby, or his issue; and the third share shall be retained by my trustee, and the income thereof shall be paid over unto John W. Selser, and at his decease the principal shall be distributed among his children or issue, in equal share, the issue of a deceased child taking the parents' share.

"17. If, by reason of death or other cause, and intestacy should arise, as to any part of my residuary estate, in that event such property, undisposed of under the foregoing provisions, shall be distributed in equal shares to the Methodist Episcopal Home, for old people, located in West Philadelphia, and the Baptist Home for Old People, located at 17th and Norris Streets, Philadelphia."

By a codicil, testatrix directed the payment of one half of the income of her residuary estate to the wife of William J. Fields after his death, "during her life or widowhood."

Joshua L. Fields survived the testatrix but died on September 24, 1914, leaving his wife Sarah Irvin Fields and William J. Fields, an only child, to survive him. William J. Fields died on October 30, 1935, intestate and without issue. Of the others named as remaindermen, Clarence Jacoby is still living; John W. Selser died November 27, 1916, leaving Harold M. Selser, his son, as his only issue. William A. Selser survived testatrix but died without issue during the lifetime of William J. Fields.

The representatives of the estate of William A. Selser claim a one-sixth interest in the residuary estate under the provisions of the will above quoted to the exclusion of the two homes for the aged to which distribution was awarded, notwithstanding the fact that William A. Selser died without issue during the lifetime of William J. Fields. Their right to recover is asserted on the ground that the bequest to William A. Selser vested in him in his lifetime. The learned judge of the court below held that the remainder to William A. Selser under the will was contingent and never vested in him. We agree with this conclusion.

Artificial formulas and canons of legal construction have less and less application to wills. Where the meaning of the testator may be ascertained, it must govern: *Mayhew's Estate,* 307 Pa. 84, 160 A. 724. And notwithstanding the preference of the law for vested rather than contingent interests, "the policy of the later cases in this state, if not everywhere, is to get back to the true rule of looking only to the actual intent": *Mulliken v. Earnshaw,* 209 Pa. 226, 58 A. 286.

The auditing judge's award to the two homes for the aged, to the exclusion of the estate of William A. Selser, does no more than give effect to the clearly expressed intention of the testatrix. Testatrix clearly intended a vesting of an interest in William A. Selser only upon the death of William J. Fields without issue. Her first concern was to provide for her brother and his wife and for their son, William J. Fields. Because of the habits of the son she, for his benefit, placed restrictions upon his enjoyment of the life interest given him. The residuary estates to William A. Selser or his issue, to Clarence Jacoby and to John W. Selser were created not by the usual language of a specific bequest but merely by a direction to pay. The time of payment was upon the death of William J. Fields. Of importance in ascertaining her intention is the fact that she definitely had in mind the possibility that these remaindermen

might die during the lifetime of William J. Fields, and to avoid a lapse on that contingency, added the seventeenth paragraph to her will, quoted above, directing distribution to the two homes for the aged in the event of intestacy from that cause.

The law of precedents has little value in construing a will, *Joyce's Estate,* 273 Pa. 404, 117 A. 90, except to give effect to the intention of the testator. There are many authorities sustaining the conclusion that the interest of William A. Selser was contingent and that it never vested in him or in his estate. In a long line of cases it has been held with substantial uniformity that where the direction in a will to pay or divide constitutes the bequest and where there is no separate and antecedent gift which is independent of the direction to pay, the vesting itself is postponed to the time of payment. "Where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality; insomuch that if the one is future and contingent, so must the other be," quoting *Moore v. Smith,* 9 Watts 403; *Scott's Estate,* 301 Pa. 509, 152 A. 560; *Rosengarten v. Ashton,* 228 Pa. 389, 77 A. 562; *Evans' Estate (No. 1)* 264 Pa. 357, 107 A. 731; *Feeney's Estate,* 293 Pa. 273, 142 A. 284. A remainder such as this may be regarded as contingent upon another ground if consistent with the intent of the will: "where there is a limitation to one for life, with remainder to his children or the survivor or survivors of them, or to his children living at his death and, in default of such children, to other persons named, there is a contingency with a double aspect and the remainders are contingent": 23 R. C. L. 552. sec. 97.

All of the authorities cited by appellant to the contrary, but illustrate the rule that precedents applied to the construction of a will lack "unbending control of any case not precisely analogous or even strictly identical": *Joyce's Estate,* supra.. In *Neal's Estate,*

252 Pa. 394, 97 A. 502, a bequest was held to be vested, though subject to be defeated by some future event, because the language of that will did not indicate that the testator had a different intention; the vesting of interests being favored in law: *Carstensen's Estate,* 196 Pa. 325, 46 A. 495. *Lloyd's Estate,* 326 Pa. 230, 192 A. 98, criticizes the ruling of *Moore v. Smith,* supra, as a general canon of construction. But again, in that case, the remainder was held to be vested, though evidenced only by a direction to pay in the future, because of the intention of the testator. And it may be noted that in arriving at the testator's intent in that case much stress was placed upon the fact that there was no provision in the will for the disposition of the remainderman's interest in the event of his death before the time for payment. This latter authority is applicable to this appeal only to stress the importance of the provision of the will of Mary Ellen Selser disposing of the interest involved, to the homes for the aged in Philadelphia, in the event that the legacy to William A. Selser, and to the others in his class should lapse "by reason of death or other cause."

The order of distribution is affirmed at the costs of appellant.