Opinion by
 

 Hirt, J.,
 

 The contest in this appeal involves a construction of the following provision of the will of Clara L. Hoffman: “I give the interest sum of Five Thousand Dollars to my cousin Clara Diehl of Newark Ohio to be divided at her death among her nieces and nephews.”
 

 It is clear from the language of the will as a whole
 
 *126
 
 that testatrix intended to give but a life interest to Clara Diehl with remainder over to those within the named class of nieces and nephews of the latter. This is conceded by appellant. When testatrix died on May 28, 1902, two nephews and one niece of Clara Diehl were living. Charles W. Arrick, one of these nephews, died during the lifetime of Clara Diehl, on February 25, 1988 leaving to survive him, his widow and two children, whose interests are represented by appellant. Clara Diehl died on October 27, 1940. The auditing judge, invoking the principle of
 
 Moore v. Smith,
 
 9 Watts 403, in aid of construction of the above provision of the will distributed the fund to the nephew and the niece living at the time of Clara Diehl’s death, to the exclusion of the heirs of the deceased nephew, Charles W. Arrick. Whether the remainders thus created vested at the death of testatrix or were contingent upon survival, to the time when the life interest ended, is the question involved in this appeal.
 

 The rule in
 
 Moore v. Smith,
 
 supra, often quoted, is thus stated: “The ruling principle in a case like this is, that where there is no separate and antecedent gift which is independent of the direction and time for payment, the legacy is contingent.......Where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality; insomuch that if the one is future and contingent, so must the other be.” Appellant in effect contends that this rule is no longer valid and applicable in the interpretation of wills in this State.
 

 The principle, as a general canon of construction, was discarded by the American Law Institute, in Restatement, Property, §260, where it is said that the direction to divide and pay over, is not to be considered a material factor in determining whether the gift is vested or contingent. And the formula has been criticized, as an artificial rule of construction, notably in
 
 Buckman's Estate,
 
 13 D. & C. 653, where Judge Gest
 
 *127
 
 in the distribution of that estate was not convinced that there is a “substantial difference......between a devise after a life estate to the testator’s children (which is clearly vested) and a direction that the estate should be divided among them.” Referring to the opinion in
 
 Buckman’s Estate,
 
 the Supreme Court in
 
 Lloyd’s Estate,
 
 326 Pa. 230, 192 A. 98 questioned the significance of the rule.
 

 Regardless of what has been said to the contrary,
 
 Moore v. Smith,
 
 subject to recognized exceptions, must still be regarded as the law of this State. The Supreme Court in a later case,
 
 Laughlin’s Estate,
 
 336 Pa. 529, 9 A. 2d 383, quotes the rule, as restated in
 
 Alburger’s Estate (No. 2),
 
 274 Pa. 15, 117 A. 452, with approval. In
 
 Scott’s Estate,
 
 301 Pa. 509, 152 A. 560, Mr. Justice Simpson refers to a long line of cases where the principle has been applied, p. 514, (to which may be added,
 
 Hood’s Estate,
 
 323 Pa. 253, 186 A. 740;
 
 Estate of Andrew Berg,
 
 96 Pa. Superior Ct. 125;
 
 Selser’s Estate,
 
 135 Pa. Superior Ct. 480, 5 A. 2d 632) and, referring to the “authorities which, in the course of ninety years since the opinion in
 
 Moore v. Smith
 
 was rendered, are supposed to qualify it,” said that “each of them is based on the conclusion that, from a consideration of the entire will there being construed, it appeared that a vesting was intended at the death of testator, and hence effect was given to that conclusion, though, if the particular remainder clause had been standing alone, a different result might have been reached.” The same may be said of
 
 Lloyd’s Estate,
 
 supra, where the existence of the rule was not denied but it was held to be inapplicable because in the will under consideration, distribution was deferred “for the convenience of the fund” and the gift was “only postponed to let in some other interest,” (in that case, the life estate of the widow) thus bringing the case within an exception to the rule recognized by our decisions.
 
 McClure’s Appeal,
 
 72 Pa. 414.
 

 
 *128
 
 Canons of legal construction, of course, must give way to the intention of the testator where it can be ascertained.
 
 Mayhew’s Estate,
 
 307 Pa. 84, 160 A. 724. The will in the present case is holographic and is inartistically drawn but, in it, there is no indication of an intention inconsistent with the decree of distribution. The nephews and niece of the aunt were remote relatives of testatrix and any presumption favoring vested interests, therefore, has but little force.
 
 Groninger’s Estate,
 
 268 Pa. 184, 110 A. 465. The aunt was the immediate object of testatrix’s bounty; the remaindermen were not mentioned by name. It was a reasonable expectation that some member of the class designated as remaindermen, would be living at the aunt’s death and the fact that there is no substitutionary gift, in the event of failure of remaindermen, therefore, is not controlling.
 

 Testatrix’s use of the word “interest” is not without significance. The word was written into the provision after its first draft, at an angle, undoubtedly to make it clear that the bequest to the aunt was the income earned on the fund; the only disposition of the principal is the direction to divide among nieces and nephews of the aunt and “there is no separate and antecedent gift” to any of them. The direction to divide describes the class whose members shall take, and the inference is reasonable that it was intended that the survival of a particular nephew or niece at the death of the life tenant was a condition precedent to the right to share in the corpus of the estate. The gift, therefore, must be regai’ded as contingent, excluding the heirs of a nephew who died before the life beneficiary. Cf. Act of June 29, 1923, P. L. 914, §1, 21 PS 11, where a similar rule of construction is made the subject of legislative enactment, presumably as a “conclusion firmly based upon the generally known results of wide human experience,”
 
 Laughlins Estate,
 
 supra.
 

 Decree affirmed at appellant’s costs.