## Phillips' Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Norman W. Harker*, of *McConnell & Harker*, for exceptant.

*Boyd Lee Spahr*, contra.

*R. M. Remick*, of *Saul, Ewing, Remick & Saul*, contra.

VAN DUSEN, P. J., June 13, 1946.—Testatrix gave to her life tenant a power of appointment by will. He appointed in trust for his wife for life, and then provided "at the death of said Mary C. Phillips I wish and direct that my estate be divided between Charles S. W. Packard and Judge Robert von Moschzisker equally. The survivor (should one be dead) to take

all". Both of these persons died before the death of Mary C. Phillips. The auditing judge awarded to their personal representatives. The persons who would take under the will of the creator of the power in default of appointment have filed exceptions, arguing that the use of the verb "divide" implies a condition that the beneficiary must survive to the time of distribution in order to receive the gift in person, and citing the leading and well known case of Moore v. Smith, 9 Watts 403, and other cases which follow it. In that case, by the way, the verb was "pay", but we see no difference between the one verb and the other.

This court has long been of opinion that there is no such suggestion in the verb "divide" or in any of the other verbs which scriveners commonly use, and so decided in Buckman's Estate, 13 D. & C. 653, and Carson's Estate, 16 D. & C. 99. Our decision to the same effect in Lloyd's Estate, 27 D. & C. 370, was affirmed by the Supreme Court, 326 Pa. 230.

The substance of Justice Schaffer's opinion in the Lloyd case (and the basic reason for our own opinion) is found in the quotation therein made from Judge Gest in Buckman's Estate.

"What substantial difference is there between a devise after life estate to the testator's children (which is clearly vested) and a direction that the estate should be divided among them?"

To the same effect is the unqualified conclusion of the Restatement of the Law of Property, sec. 260:

"In a limitation purporting to create a remainder or an executory interest, the fact that the only words of gift to the intended taker thereof consist of a direction to divide and pay over, or to convert, divide and pay over, at the end of the created prior interests or at some other future date is not a material factor in determining the existence of a requirement of survival to the date of distribution."

Stress was laid in the Lloyd opinion on the lack of any gift over in case a daughter died without issue during the life tenancy. Of course, if there was such a gift over, a contingency of survival would be expressly indicated. In the case at bar also there is no such gift over in the contingency which happened, namely, the deaths of both beneficiaries.

The exceptants cite two cases in the Superior Court which require notice. In Selser's Estate, 135 Pa. Superior Ct. 480, there were life estates, and thereafter a direction to divide the principal into three shares, one of which was to be paid to William or his issue, and then "If, by reason of death or other cause, an intestacy should arise" to certain charities. William died during the life estates without issue. It was held that his share went to the charities. Here there is a gift over on a contingency which is not clearly expressed, but may be implied, and the conclusion does not depend solely on the direction to "divide" and "pay".

In Hoffman's Estate, 147 Pa. Superior Ct. 124, the will provided: "I give the interest sum of Five thousand Dollars to (a cousin) to be divided at her death among her nieces and nephews." One of the nephews died during the life estate leaving a widow and children. He was excluded from the distribution. This is a "pay and divide" case in its simplest form. The opinion refers to the Restatement of the Law of Property, sec. 260, and to Buckman's Estate and Lloyd's Estate, but, nevertheless, prefers to follow Moore v. Smith. This decision of the Superior Court cannot be distinguished from the present case. But we think that the opinion of the Restatement is correct and it is that which has been adopted by the Supreme Court, to wit, that the use of the words "pay" or "divide" is "not a material factor in determining the existence of a requirement of survival to the date of distribution".

The exceptions are dismissed, and the adjudication is confirmed absolutely.