## Field's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, JJ. Ladner, J., dissents.

*Townsend, Elliott & Munson,* for exceptant.

*Pepper, Bodine & Stokes* and *MacCoy, Brittain, Evans & Lewis,* contra.

HUNTER, J., April 18, 1947.—Testator gave an annuity of $600 to his wife and at her death a similar annuity to his daughter, and the income in excess of the wife's annuity to the wife and daughter share and share alike.

At a prior audit an intestacy was declared as to one half of the income over and above the $600 annuity because the wife predeceased the daughter, an event for which testator failed to provide. He gave to his wife a power to appoint the estate and this likewise failed, because it was a conditional power which could be exercised only if the wife survived the daughter. Testator further directed that if his daughter left issue they should receive her share—she died without issue. Also, that his daughter should have a power to appoint the estate—she died intestate.

Because of the failure of the above provisions, the estate is to be disposed of, if at all, under the following clause of the will:

"In case of the death of both wife and daughter before named without will as provided above then I wish the principal of my entire estate to be conveyed absolutely by my said Executors to my sisters Elizabeth S. Field and Letitia W. Field, or the survivor of them share and share alike."

The sisters died in 1888 and 1889 respectively, long before the deaths of testator's widow and daughter, and the question is whether the survivorship of the sisters shall be referred to the death of testator in 1876 or to the death of the daughter in 1945.

If survivorship is referred to testator's death the estate will pass under the wills of the sisters. Letitia gave her estate to Elizabeth. Elizabeth left a will

whereunder it was determined that her niece, this testator's daughter, took but a life estate and not an absolute gift of the principal: Field's Estate, 266 Pa. 474.

If survivorship is referred to the death of the daughter, there will be an intestacy as of the date of testator's death, and under the intestate laws then in force one third will pass as the estate of the widow, and two thirds as the estate of the daughter.

The daughter was adjudged a weak-minded person, and for many years was a resident of the Pennsylvania Hospital. Her income from this and other trusts was not sufficient for her maintenance, and the hospital is a creditor of her estate in the sum of $6,773.59.

The general rule in Pennsylvania is, and always has been, that the word "survivor" or "surviving", following a prior gift, is understood as referring to the death of testator unless a contrary intention is apparent: Fetrow's Est., 259 Pa. 89; Nass' Est., 320 Pa. 380.

This rule has its best application in distributions among children and grandchildren, and the majority of the cases involve the rights of such descendants. As was stated by Judge Penrose in Sterling's Estate, 24 W. N. C. 495, 496:

"Where the persons taking at the expiration of the prior estate are the children of the testator, if the word survivor is so construed as to limit the class of takers to those living at the time of distribution, children who may previously die are cut out altogether, even though they may have left children; the latter, being grandchildren of the testator, being excluded by the restriction of the gift to his children: while if none should survive, there would be an absolute intestacy. To prevent either of these results, the doctrine of Cripps v. Wolcott [4 Mad. 11] has been expressly repudiated in Pennsylvania, and, in the absence of controlling evidence of a different intention, the primary meaning of the word will be rejected, in such

cases, and the survivorship understood as referring to the death of the testator."

The rule as it has been applied, however, is not confined to children and grandchildren. The words "survivors" and "surviving" have in all cases acquired the prima facie meaning of survivorship at testator's death. Perhaps in the case of more distant relatives or strangers the presumption in favor of vested interests is not so strong, but the presumption nevertheless exists, and must be overcome by an expressed intention to the contrary.

In examining the whole will, which it is our duty to do, we find that the gift to the sisters is subject to a condition precedent that the daughter die without issue. There is nothing unusual, however, in such provision and many of the survivorship cases contain a primary and contingent gift to the issue of the life tenant without affecting the rights of "surviving" remaindermen who take as of the death of testator.

Whether the sisters' interests were technically contingent, or vested subject to be divested by the existence of issue, is immaterial, because if survivorship is referred to the death of testator the contingency of the birth of issue does not affect the capacity of the sisters to take and transmit the remainder, vested or contingent, to their representatives: Riegel et al. v. Oliver et al., 352 Pa. 244; Moss' Estate, 80 Pa. Superior Ct. 323.

In our opinion the foregoing provisions of the will present a normal case for the application of the rule of survivorship, and the controlling intention must be found in the language of the gift to the sisters itself.

Two points are stressed in the interpretation of the gift to the sisters.

Testator employs the words "in case of" and "then I wish", but such expressions indicate merely the time of taking and not the time of determining the parties:

Nass' Estate, supra, and Seidel's Estate, 10 D. & C. 109.

The gift to the sisters is thus phrased, "I wish the principal of my entire estate to be conveyed absolutely by my said Executors to my sisters", naming them. It is argued that the verb "convey" comes within the so-called "pay and divide" rule; that is to say, that it implies a survivorship to receive the gift in person, and is sufficient to overcome the rule that survivorship is referred to the death of testator.

In a learned and exhaustive opinion in the recent case of Rickenbach Estate, 348 Pa. 121, Mr. Justice Allen M. Stearne discusses the "technical and perplexing" problem of gifts in a form which to many authorities implies the receipt of the gift in person. As there outlined, the question is one of substance and not of form. Even though there be no other gift than the direction to pay or distribute or convey in futuro, if such gift or distribution appears to be for the convenience of the fund or property, or to let in some other interest, the vesting will not be deferred until the period of distribution. Our court has had occasion to consider the same question in Phillips' Estate, 56 D. & C. 110.

Form alone will not make a gift contingent. There must be something else in the will to support such an interpretation.

A direction to pay was mentioned as a reason for referring "survivors" or "surviving" to the time of division in Alburger's Estate (No. 2), 274 Pa. 15, Hood's Estate, 323 Pa. 253, and Laughlin's Estate, 336 Pa. 529, but in these cases there was another and substantial reason for the decision. Each illustrates a well settled exception to the rule referring words of survivorship to testator's death, and holds that where the gift is to survivors *and the issue of any deceased*, testator himself having provided a substitutional gift

which provides equality among heirs, words of survivorship naturally mean that the beneficiaries or their substitutes survive the period of distribution.

In Loving Estate, 159 Pa. Superior Ct. 339, which also contained a direction to pay and divide, the decision rested principally upon the repeated use of the word "survivor" which, in one part of the will having the clear meaning of survivorship at the time of distribution, was given the same meaning in other parts of the will.

We are of the opinion that mere form without substance should not be permitted to disturb this long-settled rule of construction. Certainly, if distributees were children of testator we would not permit grandchildren to be disinherited by expressions so highly technical: Black v. Woods, 213 Pa. 583.

There will be an intestacy in the instant estate if survivorship is referred to life tenant's death, and that is a result which is to be avoided if possible. We do not think testator contemplated an intestacy. He provided for his wife and daughter while they lived and made provision for the daughter's issue. Upon the extinction of these primary beneficiaries he gave his estate to his sisters, which can well show an intention to finally give the estate to his own blood relatives and not to his wife's relatives through her or through the daughter.

We conclude that the survivorship of the sisters should be referred to the death of testator.

The exceptions are sustained and the adjudication is modified accordingly.

LADNER, J., dissenting, April 18, 1947.—For the reasons set forth in my adjudication I dissent. It seems to me the majority opinion is inconsistent with Loving's Estate, 159 Pa. Superior Ct. 339, allocatur by Supreme Court refused.