## Wainwright Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

432

*White, Williams & Scott,* for exceptants.

*Pepper Bodine, Stokes & Hamilton* and *Hall, Hamilton, Wainwright & Welsh,* contra.

LEFEVER, J., May 29, 1953.—Testatrix expressly provided for three contingencies: (1) That her two sons should die leaving surviving issue; (2) that both sons should die without issue, and (3) that one son should die with issue *after* his brother had died without issue. The question now before the court is whether a gift should be implied upon the event, which actually

occurred and which was not expressly provided for in the will, namely, the son with surviving issue died *before* the son who left no surviving issue.

A reading of the handwritten will indicates that testatrix thought she was providing for all contingencies. She apparently intended to benefit her descendants, if there were any. Thus, she created family trusts with remainders over to future generations; she gave the remainder to charity only in the event that both sons died without leaving issue.

"The law will impute to a testator's words such a meaning as under all the circumstances will conform to his probable intention and be most agreeable to reason and justice": Riegel et al., v. Oliver et al., 352 Pa. 244, 247 (and cases cited).

The instant case is a typical situation requiring the application of the doctrine of gift by implication: Cope's Estate, 353 Pa. 306; Rouse Estate, 369 Pa. 568. See Crossman Estate, 24 Dist. R. 600. The facts are exactly analogous to those in Howell's Estate, 41 D. & C. 332.

". . . there is a presumption testator intends to dispose of his whole estate. Such presumption, however, is met by an equally potent presumption that an heir is not to be disinherited except by plain words or necessary implication. The effect of the conflict of rules is well stated by Judge Hunter in his Pennsylvania Orphans' Court Commonplace Book, Vol. 2, Wills, sec. 4(b), p. 1436, in the following language:

" 'These presumptions are of like force and effect, and in applying one we must not overlook the other. Neither presumption, however, can be permitted to defeat the intention of the testator which is expressed in apt words or appears by clear implication.' See Grothe's Estate, 229 Pa. 186, 78 A. 88; French's Estate, 292 Pa. 37, 140 A. 549; Loving Estate, 159 Pa. Superior Ct. 339, 48 A. 2d 39. This language does not

reveal an express intent by testator to die intestate as to this portion of the trust corpus": Rouse Estate, supra, at page 572.

We all agree with the learned auditing judge "that there is an implied gift to the issue of Clement R. Wainwright, Jr., Francis King Wainwright having died without issue".

Accordingly, the exceptions are dismissed, and the adjudication is confirmed absolutely.